IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NICOLINA PHIBBS, MACHELL PHIBBS, and JUSTIN HALL,<br><br>      Plaintiffs,<br><br>vs.<br><br>ST. MARKS HOSPITAL AT SALT LAKE CITY; ST. MARKS HOSPITAL IN ATLANTA, GEORGIA; and JOHN and JANE DOES,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING CASE WITHOUT PREJUDICE<br><br><br><br><br>Case No. 2:06-CV-922 TS |

Plaintiffs bring negligence and medical malpractice claims against two hospitals, one located in Utah and one located in Georgia, as well as various John or Jane Does, whose addresses are alleged to be unknown. This Court does not have subject matter jurisdiction over this case because there is no federal question and there is a lack of complete diversity between Plaintiffs and Defendants.

1

Because Plaintiffs are proceeding in this matter *pro se*, the Court must construe their pleadings liberally and hold their submissions to a less stringent standard than formal pleadings drafted by lawyers.[1]

Federal courts are courts of limited jurisdiction and Plaintiffs' Complaint must establish jurisdiction before this Court may proceed.[2] This Court has an independent duty to examine its own subject matter jurisdiction.[3] When consideration of the subject matter jurisdiction is raised by the Court on its own motion, the Court applies the Rule 12(b)(6)[4] standard for consideration of dismissal of a *pro se* complaint. Under that standard, the Court considers the allegations in the Complaint as true, and then whether the allegations, if proven, would be sufficient to establish subject matter jurisdiction.[5] Dismissal is appropriate only when it "is patently obvious that the plaintiff[s] could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile."[6]

---

[1] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *Roberts v. Hartz,* 113 Fed.Appx. 306, 312 (10th Cir. 2004) ("[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.")(quoting *Murphy v. United States,* 45 F.3d 520, 522 (1st Cir. 1995)).

[3] *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

[4] Fed. R. Civ. P. 12(b)(6).

[5] *Hartz,* 113 Fed.Appx. at 312 .

[6] *Smilde v. Herman*, 201 F.3d 449 (10th Cir. 1999) (quoting *Hall*, 935 F.2d at 1110).

Even construing the Complaint liberally, it does not allege federal question jurisdiction. The only other possible jurisdictional basis ascertainable from the Complaint would be diversity of citizenship.[7] Generally, diversity of citizenship means that "the party on one side is a citizen of one state and the party on the other side is a citizen of another state."[8] "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."[9] "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."[10]

The allegations of the Complaint are that two of the Plaintiffs and one of the defendants, St. Marks Hospital at Salt Lake City, are all citizens of Utah. Therefore, there is not complete diversity. Accordingly, the Complaint must be dismissed for lack of subject matter jurisdiction.

The Court notes that the heading for the Complaint lists the name of the court as the "Third Judicial District Court in and for Salt Lake County." It appears that the Complaint may have been mistakenly filed in this federal court instead of in the State of Utah's Third District Court. The present dismissal is without prejudice to filing the Complaint in an

---

[7] *See* 28 U.S.C. § 1332(a)(1).

[8] Black's Law Dictionary, 477 (6th Ed. 1990).

[9] *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 388 (1998).

[10] *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 125 S.Ct. 2611, 2617 (2005).

appropriate state court. But any attempt by Plaintiffs to re-file the Complaint in this federal court will be conclusively barred by this jurisdictional ruling[11]   It is therefore

ORDERED that the Complaint is DISMISSED without prejudice for lack of jurisdiction.  Dismissal is without prejudice to filing the Complaint in state court.  The clerk of court is directed to close this case.

DATED November 6, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1210 (10th Cir. 2001).